UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA., as
subrogee and assignee of Montefiore Medical
Center,

                Plaintiff,

             -against-                    1:22-cv-09870 (JLR)

                                       **PROTECTIVE ORDER**

SURGALIGN SPINE TECHNOLOGIES,
INC., formerly known as RTI SURGICAL,
INC.; ORGANOGENESIS, INC., formerly
known as NUTECH MEDICAL, INC.,

                Defendants.

---

JENNIFER L. ROCHON, United States District Judge:

      WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

      WHEREAS, the Parties, through counsel, agree to the following terms;

      WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

      WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

      WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential

documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

IT IS HEREBY ORDERED that any person subject to this Protective Order – including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order – shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed pursuant to and in the course of discovery in this action) that is designated as "Confidential" or "Confidential – Attorneys Eyes Only" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder. The Confidential Discovery Material covered by this Protective Order expressly includes any "protected health information" or "individually identifiable health information" produced by a "covered entity," as defined by the Standard for Privacy of Individually Identifiable Health Information, promulgated pursuant to the Health Insurance Portability and Accountability Act ("HIPAA") Privacy Rule, 45 C.F.R. Part 160 and Subparts A and E of Part 164.

2. The person producing any given Discovery Material, including any non-parties from whom discovery is sought or obtained in this case, may designate as "Confidential" only such portion of Discovery Material the public disclosure of which is either restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed and that consists of:

(a) previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

(b) previously nondisclosed material relating to ownership or control of any non-public company;

(c) previously nondisclosed business plans, product development information, marketing plans, or other confidential business information;

(d) any information of a personal or intimate nature regarding any individual, including that which may be protected by HIPAA; or

(e) any other category of information hereinafter given confidential status by the Court.

3. The person producing any given Discovery Material, including any non-parties from whom discovery is sought or obtained in this case, may designate as "Confidential – Attorneys' Eyes Only" only such portion of Discovery Material that concerns or constitutes sensitive issues of corporate planning, business strategy, or industry competition, and the person determines that

disclosure of the Discovery Material to one or more of the Parties may create a substantial risk of serious harm or damage to any party or third party.

4. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Confidential – Attorneys Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Confidential – Attorneys Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility. With respect to any "protected health information" or "individually identifiable health information" produced by a "covered entity," as defined by the Standard for Privacy of Individually Identifiable Health Information, promulgated pursuant to the HIPAA Privacy Rule, 45 C.F.R. Part 160 and Subparts A and E of Part 164, the producing party shall additionally stamp or otherwise clearly mark any documents containing such information as "Confidential-PHI," or words to similar effect.

5. With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as "Confidential" or "Confidential – Attorneys Eyes Only" either by (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated "Confidential" or "Confidential – Attorneys Eyes Only," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

6. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he, or it had previously produced without limitation should be designated as "Confidential" or "Confidential – Attorneys Eyes Only," she, he, or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material will thereafter be deemed to be and treated as Confidential under the terms of this Protective Order.

7. No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as "Confidential" to any other person whomsoever, except to:

(a) the Parties to this action, including their current officers, directors, agents, employees (including in-house counsel), to whom disclosure is reasonably necessary because they either have responsibility for making decisions dealing directly with the litigation in this action or are assisting in the prosecution, defense, or appeal of this case, and their insurers, and counsel to their insurers;

(b) counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

(c) employees and agents of Montefiore Medical Center ("Montefiore"), including its in-house counsel and outside counsel retained to represent it in connection with this action, to whom disclosure is reasonably necessary to assist in the prosecution, defense, or appeal of this case, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(d) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(f) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(g) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(i) stenographers engaged to transcribe depositions conducted in this action; and

(j) this Court, including any appellate court, and the court reporters and support personnel for the same.

8. Discovery Material designated as "Confidential – Attorneys Eyes Only" may be disclosed without the consent of the producing party or an order of the Court, only as follows:

(a) in-house attorneys of the undersigned parties to whom disclosure is reasonably necessary for this litigation;

(b) outside counsel and in-house attorneys of Montefiore to whom disclosure is reasonably necessary for this litigation, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(c) counsel retained specifically for this case, including any paralegal, clerical and other assistant employed by such counsel and assigned to this case;

(d) any mediator or arbitrator that the Parties engage in this case or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this case, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g) any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this case, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h) stenographers engaged to transcribe depositions conducted in this action;

(i) this Court, including any appellate court, and the court reporters and support personnel for the same; and

(j) outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto.

9. Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 7(c), 7(d), 7(e), 7(g), 7(h), 8(b), 8(d), 8(f), 8(g) or 8(j) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 2(E) of this Court's Individual Practices in Civil Cases.

11. A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within five business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

12. Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and

specifically (and by way of example and not limitations) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

13. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

14. All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 4(B) of this Court's Individual Practices in Civil Cases. No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers. All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material. Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

15. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

16. Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

17. Each person who has access to Discovery Material that has been designated as "Confidential" or "Confidential – Attorneys Eyes Only" shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the

person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

19.     The Parties are granted the right, consistent with the Federal Rules of Civil Procedure, Local Rules and orders of this Court, to disclose individually identifying health, personal, and financial information of nonparty patients during discovery in this case, including discovery into the documents or records of any entity that may be covered by HIPAA.

20.     This Protective Order is a qualified protective order within the meaning of 45 C.F.R. § 164.512(e)(1)(v), as it (a) prohibits, pursuant to Paragraph 12, the Parties from using or disclosing protected health information for any purpose other than this litigation; and (b) requires the return or destruction of protected health information (including all copies made) at the conclusion of the litigation, pursuant to Paragraph 21. This Protective Order therefore authorizes any third party provided with a subpoena or any Party issued a valid discovery request to, consistent with the scope of Paragraph 19, disclose Protected Health Information in response to such request or subpoena consistent with 45 C.F.R. § 164.512(e)(1).

21.     This Protective Order shall survive the termination of the litigation. Within sixty (60) days after the conclusion of the litigation, including conclusion of any appeals, all persons having received documents treated as confidential under this Order, including copies thereof shall make a good faith and reasonable effort to return such material to the producing party or destroy such material and upon request certify to that fact in writing to counsel for the producing party.  Counsel retaining any vendors shall have the responsibility for ensuring their compliance with the same. Parties who are required to retain documents designated as "Confidential" or "Confidential – Attorneys Eyes Only" to comply with federal, state, or local regulators or as otherwise required by law or by reinsurers, shall return or destroy such materials when permitted under such requirements. With respect to information stored on any internal data storage systems, that Party shall continue to maintain all such confidential information as confidential under the terms of this Order, and apply any applicable document or data destruction procedures to such materials. Counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts, and litigation files (including attorney work product and documents containing information designated as "Confidential" or "Confidential – Attorneys Eyes Only"), provided that such counsel, and employees of such counsel, shall maintain the confidentiality thereof and shall not disclose such court papers, depositions and trial transcripts, and litigation files (including attorney work product and documents containing information designated "Confidential" or "Confidential – Attorneys Eyes Only") to any person except pursuant to a court order or agreement by the Producing Party or except as otherwise required by law. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents.  All materials returned to the Parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

22.     All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall

have jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

23. After this Protective Order has been signed by counsel for the Parties to this case, it shall be promptly presented to this Court for entry.  Counsel agree to be bound by the terms set forth herein once signatures to this Protective Order are exchanged prior to the time this Court enters this as an order, including, without limitation, with respect to materials designated "Confidential" or "Confidential – Attorneys Eyes Only" that have been produced prior to the time this Court enters this as an order.  However, this paragraph shall not require any party to produce information that would be protected by this Protective Order prior to its entry by this Court.

SO STIPULATED AND AGREED

| **BASS, BERRY & SIMS PLC** | **GORDON REES SCULLY MANSUKHANI LLP** |
|---|---|
| By: */s/ Joseph B. Crace, Jr. (with permission)*<br>Joseph B. Crace, Jr.<br>Brian D. Roark (*Pro Hac Vice*)<br>Brian F. Irving<br>150 Third Ave. South, Suite 2800<br>Nashville, TN 37201<br>(615) 742-6200<br>jcrace@bassberry.com<br>broark@bassberry.com<br>birving@bassberry.com<br>*Counsel for Defendant Surgalign Spine Technologies, Inc.*<br><br>Dated: May 16, 2023 | By: */s/ Scott L. Schmookler*<br>Brian Middlebrook<br>1 Battery Plaza<br>28th Floor<br>New York, New York 10004<br>(212) 269-5500<br>bmiddlebrook@grsm.com<br><br>Scott L. Schmookler (*Pro Hac Vice*)<br>Katherine A. Musbach (*Pro Hac Vice*)<br>One North Franklin, Suite 800<br>Chicago, IL 60606<br>Telephone: (312) 980-6798<br>sschmookler@grsm.com<br>kmusbach@grsm.com<br>*Attorneys for Plaintiff National Union Fire Insurance Company of Pittsburgh, Pa.*<br><br>Dated: May 16, 2023 |
| **FOLEY HOAG LLP**<br><br>By: */s/ Matthew C. Baltay (with permission)*<br>Matthew C. Baltay (*Pro Hac Vice*)<br>Christian A. Garcia (*Pro Hac Vice*)<br>155 Seaport Boulevard<br>Boston, MA 02210<br>(617) 832-1000 | |

| | |
|---|---|
| mbaltay@foleyhoag.com <br> cgarcia@foleyhoag.com <br> *Counsel for Defendant Organogenesis, Inc.* <br><br> Dated: May 16, 2023 | |

SO ORDERED.

Dated: May 22, 2023
New York, New York

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

9

**EXHIBIT**

**ACKNOWLEDGMENT**

   I, the undersigned, hereby declare under penalty of perjury that I have read in its entirety and under the Protective Order that was issued by the United States District Court for the Southern District of New York on [date] in the case of *National Union Fire Insurance Company of Pittsburgh, Pa. v. Surgalign Spine Technologies, Inc., formerly known as RTI Surgical, Inc., and Organogenesis, Inc.*, Case No. 1:22-cv-09870 (JLR).  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.

   I further agree to submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this case.


Signature: _____

Date: _____

Name: _____

Address: _____

     _____

Company: _____